**SIGNED this 8 day of September, 2014.**



James P. Smith
**James P. Smith**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| In the Matter of: | : | Chapter 13 |
|---|---|---|
| | : | |
| WILLIE F. MCKENZIE, | : | |
| Debtor | : | Case No. 14-51374-JPS |
| | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Debtor:             John K. James
                                  1109 Russell Parkway, Suite 2
                                  Warner Robins, GA 31088

    For Trustee:            Tony Coy
                                  Camille Hope
                                  Chapter 13 Trustee
                                  P.O. Box 954
                                  Macon, GA 31202

## AMENDED MEMORANDUM OPINION[*]

This case presents the issue of whether a debtor must pay interest on unsecured claims in order to comply with 11 U.S.C. § 1325(b)(1)(A) where the debtor is not paying all of his "projected disposable income" to unsecured creditors as required by section 1325(b)(1)(B).

According to the facts stipulated by Debtor and the Chapter 13 trustee in open court on August 28, 2014, Debtor is an above median income debtor for purposes of section 1325, with no dependents. Accordingly, Debtor's "projected disposable income" is $1,113.21, as determined in accordance with sections 1325(b)(2) and (3), and the applicable commitment period is five years pursuant to section 1325(b)(4)(A)(ii)(I). Debtor's plan, as amended, provides for payment of only $378.53 per month to the unsecured creditors. This amount will pay the total face amount of the unsecured claims over the applicable commitment period. However, if Debtor paid the unsecured creditors all of his projected disposable income, unsecured creditors would be paid in full in approximately one year.

The Chapter 13 trustee objects to confirmation of Debtor's plan, contending that Debtor must pay interest to unsecured creditors in order to comply with section 1325(b)(1)(A) since Debtor is not paying all of his projected disposable income pursuant to section 1325(b)(1)(B).

## DISCUSSION

---

[*] This Amended Memorandum Opinion is published solely to add an attorney of record and to correct typographical errors contained in the original Memorandum Opinion that do not change the substantive decision.

11 U.S.C. § 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

In the case of In re Ellis, 2012 WL 5865906, at *2 (Bankr. M.D. Ga. Nov. 16, 2012), this court held that, "a plan satisfies section 1325(b) if unsecured claims will be paid in full even if the claims could be paid in a shorter period of time if all monthly disposable income was contributed to the plan payments." However, in that case, the issue of whether interest must be paid to unsecured creditors was not raised. The case at bar, however, squarely presents the issue.

Neither the Eleventh Circuit, nor any other circuit court, has addressed this issue. As explained by the court in In re Hight-Goodspeed, 486 B.R. 462 (Bankr. N.D. Ind. 2012):

> Although § 1325(b) has been part of the Bankruptcy Code for almost 30 years, and thousands of decisions address disposable income and the required plan term, there has been surprisingly little litigation over the value of the distribution to unsecured creditors. Only a handful of decisions address the requirements of § 1325(b)(1)(A) and they are divided. Some, such as In re Parke, 369 B.R. 205, 208 (Bankr. M.D. Pa. 2007); In re Rhein, 73 B.R. 285

>  (Bankr. E.D. Mich. 1987); and In re Luna, 2012 WL 4679170, *2 (Bankr. W.D. Tex. 2012), support the trustee. See also, In re Derschan, 1988 WL 1014957 (Bankr. D.N.D. 1988) (discussing the issue under chapter 12). A somewhat greater number agree with the debtor. See, In re Richall, 470 B.R. 245, 249 (Bankr. D.N.H. 2012); In re Stewart-Harrel, 443 B.R. 219, 222-24 (Bankr. N.D. Ga. 2011); In re Ross, 375 B.R. 437, 444 (Bankr. N.D. Ill. 2007); Matter of Eaton, 130 B.R. 74, 77-78 (Bankr. S.D. Iowa 1991). See also, In re Coay, 2012 WL 2319100, *4 (Bankr. C.D. Ill. 2012). The commentators are also divided, with Collier supporting the debtor, 8 Collier on Bankruptcy, ¶ 1325.11[3] (16th ed.), while Norton and Lundin agree with the trustee. 7 Norton Bankr. L. & Prac. (3d ed.), § 151:19; Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th edition, § 168.1, at ¶ 6, Sec. Rev. June 7, 2004, www.Ch13online.com.

Id. at 463.

In the case of In re Braswell, 2013 WL 3270752, at *3-4 (Bankr. D. Or. June 27, 2013), the court discussed this split of authority, noting that in the case of Hight-Goodspeed:

> The court interpreted the phrase "as of the effective date of the plan–," which is found in § 1325(b)(1) and applies to both subsections (A) and (B), as requiring a present value calculation when subsection (A) is chosen. The court acknowledged that the Code, when requiring a present value calculation, normally uses the wording: "the value, as of the effective date of the plan, of the property to be distributed ... is not less than ...," while subjection (A) is read as: "as of the effective date of the plan–(A) the value of property to be distributed under the plan on account of such claim is not less than the amount of such claim." In the court's view, the meaning of the words is not changed in the two uses and " § 1325(b)(1)(A) is phrased somewhat differently because Congress apparently wanted the concept of the effective date of the plan to apply to both the valuation of the distribution under (A) and to the disposable income alternative of (B)." Id. at 464-65.

The court in In re Stewart-Harrel, 443 B.R. 219 (Bankr. N.D. Georgia 2011) looked at the same set of facts and concluded that there is no interest requirement in § 1325(b)(1)(A). Rather, it found that the better interpretation of the phrase "as of the effective date of the plan" in § 1325(b)(1) "refers to the date as of which the court is to make the determination of either (A) (payment in full) or (B) (payment of all projected disposable income)." Id. at 222. It noted that interpreting the phrase "as of the effective date of the plan" to require the present value of distributions on claims may make sense with respect to subsection (A), but would be meaningless with respect to subsection (B). Id. at 222-23. It further noted that finding a present value requirement in subsection (A) would create certain anomalies such that interest would be required on claims of general unsecured creditors under § 1325(b)(1)(A), but not on priority claims under § 1322(a)(2) and that the trustee's interpretation would require the payment of interest where the best interest of creditors test did not. Id. at 223 to 24. The Hight-Goodspeed court acknowledges these anomalies, but as to the second concern, the payment of interest where the best interest of creditors test does not, counters that it sees nothing untoward in such a result, as interest represents the time value of money and the risk of default. As to the difference between priority and non-priority unsecured claims, the court attributes the disparate effect on successive amendments to the Bankruptcy Code which have created certain distortions. Hight-Goodspeed at 465.

The better interpretation is the one found in Hight-Goodspeed. The court found that in cases where the trustee or an unsecured creditor objects, § 1325(b)(1) allows the debtor to choose subsection (B) and devote all of his projected disposable income to the plan or, if the debtor wishes to devote less of his income to the plan, he may chose subsection (A). The price for doing so, however, is that unsecured claims must be paid in full with interest.

The two statements "the value, as of the effective date of the plan, of property to be distributed..." and "as of the effective date of the plan–the value of property to be distributed..." have the same meaning and require a present value calculation. In order to apply to both subsections (A)

-6-

> and (B) and make sense, the second wording was used in § 1325(b)(1). The Supreme Court in <u>Hamilton v. Lanning</u>, 130 S.Ct. 2464 (2010) interpreted the phrase "as of the effective date of the plan" with respect to subsection (B) as the date to measure projected disposable income. <u>Id</u>. at 2474. In other words, the effective date of the plan, being the date of confirmation, is the date at which the value and amount of projected future income should be calculated. Unlike the court in <u>Stewart-Harrel</u>, I do not find that the <u>Hamilton v. Lanning</u> holding is at odds with an interpretation of § 1325(b)(1)(A) requiring the payment of interest. Clearly, the date of confirmation is the date at which the court must determine whether the requirements of subsection (A) or subsection (B) have been met, as stated in <u>Stewart-Harrel</u>. The date of confirmation is the date the court must determine generally whether the requirements of confirmation have been met. With respect to subsection (A), "the value of property to be distributed under the plan" must be measured as of the date of confirmation, and must be "not less than the amount of such claim." This interpretation would require the payment of interest, because a future income stream must be discounted to present value, and is consistent with the interpretation advanced in <u>Hamilton v. Lanning</u> that projected disposable income be measured as of the date of confirmation.

(footnotes omitted).

## **CONCLUSION**

For the reasons stated therein, this Court agrees with the interpretations found in <u>Hight-Goodspeed</u> and <u>Braswell</u>. Accordingly, this Court holds that where the debtor is not paying all of his projected disposable income to unsecured creditors as required by section 1325(b)(1)(B), the debtor must pay interest on unsecured claims in order to comply with section 1325(b)(1)(A)[1]. Accordingly, the Court sustains the objection to

---

[1] Debtor's argument that section 1325(b)(4)(B) supports the interpretation that no interest is required is misplaced. That section provides that the applicable commitment period may be reduced "if the plan provides for payment in full of all allowed unsecured claims over a shorter

confirmation by the trustee and denies confirmation of Debtor's Chapter 13 plan. An order consistent with this opinion will be issued.

* END OF DOCUMENT *

---

period." However, that section only applies if the debtor is paying all of his projected disposable income to unsecured creditors pursuant to section 1325(b)(1)(B). It does not apply where the debtor is relying on section 1325(b)(1)(A).